Houston and Texas Central Railway Co. v. Thomas Talley.

Delivered December 5, 1896.

Fellow Servants—Railway Employes.

An engine wiper employed in the locomotive department, under the control of the roundhouse fireman, and whose duty is also to shovel coal from the coal cars to the engines, is not a fellow servant with the yardmaster and his employes who place the coal cars in the yards near the engines.

Appeal from Grayson. Tried below before Hon. Don A. Bliss.

*Head, Dillard & Muse*, for appellant.

[No brief for appellee reached the Reporter.]

FINLEY, Associate Justice.—Thomas Talley sued the railway company to recover damages for personal injuries, alleged to have occurred while in the discharge of his duties as an employe, through the negli-

gence of the defendant. The trial before a jury resulted in a verdict and judgment for plaintiff in the sum of $2500, from which the railway company has appealed.

There are but two questions presented by assignments of error for determination by this court:

1. Did the trial court err in refusing to submit to the jury the issue of negligence on the part of fellow servants causing the injury?

The evidence, in so far as it affects this question, is as follows: Talley was an employe of the defendant in the locomotive department, under A. R. Garbett, foreman of the roundhouse. Garbett had charge of all engines after they were brought into the yards and turned over to him by the engineer and fireman. As soon as engines were brought in the yards, the engineer and fireman delivered them over to his department and had nothing further to do with them, until they were ready to go out upon the road again. Talley was a roundhouse employe, and his line of work was wiping engines, shoveling coal and like duties. Garbett had authority to employ and discharge him, and to direct and superintend him in his work. Garbett ordered him to mount an engine in the yards, coming toward him, and get the coal board, shovel and pick, and to coal up the engine. The coal was to be taken from a car standing upon a side track, and shoveled from the car to the engine. Talley put one foot upon the steps of the engine, and was just in the act of placing the other the gangway of the engine, when his left shoulder came in contact with a coal car standing upon a side track, which broke his handhold, turned him around and mashed him between the tender and a coal car. The coal car had been placed and left standing too near the main track, so there was not sufficient clearance for the safety of employes. The coal car had been placed in its position by the yardmaster, Tom Singer, or rather at his direction, by switchmen employed by and under him. The yardmaster and his switchmen were in the train department of the railway service, and Garbett and his men had no connection with their duties. The proximate cause of the injury, was placing and leaving the coal car on the side track too near the work track, not allowing sufficient clearance for safety of employes engaged about cars upon the main track.

It is quite clear that the yardmaster and his switchmen were not fellow servants with the foreman of the round house and his employes in the work of placing the coal car upon the side track. The latter had nothing at all to do with this work; the fact that they, in the line of their duty, had to take coal from this car, does not bring them within the terms of our statute defining who are fellow servants. Railway v. Warner, 35 S. W. Rep., 364; Railway v. Whitaker, 33 S. W. Rep., 716.

2. It is assigned as error, that the verdict is contrary to the evidence, in that the evidence showed contributory negligence on the part of appellee.

This contention is not sustained by the record. The evidence fairly

justifies the jury in reaching the conclusion that appellee was in the discharge of his duty as an employe, and was in the exercise of ordinary and reasonable prudence and care for his own safety when he was injured.

We find no error committed upon the trial, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.