## DANIEL-MILLER CO. v. ROPER.
### (No. 1720.)

(Court of Civil Appeals of Texas. El Paso. March 19, 1925.)

**1. Sales ⊂⊃340—Seller, on buyer's refusal to receive goods, may hold same and sue for price.**

Where purchaser refuses to receive goods ordered by him, seller may hold same subject to purchaser's order and sue for price of goods, if he has in all essentials complied with his contract in making sale.

**2. Sales ⊂⊃345—Delivery as agreed must be shown to fix buyer's liability for goods sold.**

To fix buyer's liability for goods sold for delivery at specified time and place, delivery or tender of delivery, as agreed, must be shown.

**3. Sales ⊂⊃150(1)—Time and place of delivery is essential in contracts of sale.**

Time and place of delivery, when contracted for in sales, becomes essential, and must be observed to complete contract.

**4. Sales ⊂⊃170 — Seller held not entitled to recover for goods sold buyer, where not delivering at time specified.**

Seller *held* not entitled to recover for goods sold buyer, where it failed to comply with its undertaking for delivery of goods within time specified by agreement.

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Action by the Daniel-Miller Company against Elisha Roper and others, in which suit was dismissed as to other defendants. Judgment for defendant named, and plaintiff appeals. Affirmed.

Patterson & Sherry, of Cisco, for appellant.

Turner, Seaberry & Springer, of Eastland, for appellee.

WALTHALL, J. Appellant, Daniel-Miller Company, a corporation, brought this suit against appellee, Elisha Roper, and other parties, to recover the sum of $732.68, alleged to be the purchase price of certain goods and merchandise alleged to have been ordered by Elisha Roper from appellant on dates between August 28 and September 8, 1920, and delivered by appellant to appellee. The suit was dismissed as to said other parties. We need not further refer to them or their pleadings.

Appellee answered by general denial, and specially denied that he ever ordered or authorized the ordering of any of the goods set out in appellant's petition. Appellee further pleaded that he countermanded and ordered canceled any order for goods theretofore made by the firm of Roper & Fisk, of which he was formerly a member. Appel-lee further answered that the goods were never actually delivered to him, and that when the goods were attempted to be delivered he refused to accept same, and the goods were returned to appellant. To appellee's answer appellant pleaded several exceptions, and general denial.

The case was tried to a jury and submitted upon special issues. On issues submitted the jury found substantially as follows: The firm of Roper & Fisk ordered from appellant the merchandise described in appellant's petition. The firm of Roper & Fisk was dissolved about August 1, 1920. Roper did not take over the business of Roper & Fisk and assume the payment of appellant's account. The merchandise sued for was not delivered to Roper. On special issue submitted by Roper, the jury answered that after June 1, 1920, Roper, through his agents or employees, canceled and countermanded the order sued upon by appellant by written communication with appellant. On the verdict of the jury the court entered judgment that appellant take nothing by its suit.

### Opinion.

Appellant presents six propositions. The portions of the evidence material to the issues presented, heard on the trial, are substantially as follows:

M. E. Yinger, a witness for appellant, testified: Was traveling salesman in the employ of appellant; was familiar with the items of the verified account sued on, and took the order for the goods from Fisk, of Roper & Fisk. Fisk bought the order represented by the invoices. The original orders are attached to the petition, and marked A, B, and C, for identification. The original orders were for Roper & Fisk. "As to delivery of the orders it was agreed that all future orders for piece goods and merchandise of this character, the usual delivery date was June 1st. * * * After referring to my original order, I find that this merchandise was to be delivered June 1, 1920. * * * I do not know why these invoices are dated August 28th, September 8th, and September 8th. * * * Mr. Fisk asked that the whole shipment be made together.* * * Nothing was said about guaranteeing delivery on a certain date."

G. Fisk, a witness for appellant, testified: The firm was composed of Roper & Fisk. The firm was dissolved in April or May, 1920; Fisk selling his entire interest to Roper, and Roper assuming old indebtedness against said firm.

Roper, appellant, testified: During the spring and early summer of 1920 he was in the mercantile business in Cisco, Tex., in partnership with Fisk under the firm name of Roper & Fisk. The firm existed in March and was dissolved August 1, 1920. He said:

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"When I bought out Mr. Fisk, I told my bookkeeper to send out written notices to all persons and concerns from whom the firm had bought goods, countermanding the orders that were then undelivered. I did not send the cancellations myself, but directed Mrs. Young, who was then keeping books for me, to send out the cancellations. The goods mentioned in the orders sued on in this case had not up to that time been delivered to me, but the express company later brought a box to my place of business in Cisco and put it on the sidewalk. The box was never opened, and I do not know what it contained. * * * The box was then taken away by the carrier."

Mrs. Young testified: During August, 1920, she kept books for Roper. The firm of Roper & Fisk was dissolved about the 1st of August, 1920. "I kept books for Mr. Roper in his business, and soon after the firm of Roper & Fisk was dissolved Mr. Roper directed me to send out written notices to all houses from whom the firm had been buying goods, as shown by his books, canceling all undelivered orders, and as the books showed Daniel-Miller Company, the plaintiff in this case, to be one of the houses from whom goods were ordered and not delivered, I am sure that a written notice of cancellation was sent to them. * * * Some time after I sent out the notices of cancellation a box was received from Daniel-Miller Company, shipper, to Mr. Roper." It was put on the sidewalk, never opened, and removed by the express company.

The three exhibits referred to by the witness Yinger, and made exhibits to his answers, were introduced in evidence. Exhibits A and B are each marked order No. 724. They give the name of the salesman as Yinger; order for Roper; date March 22, 1920; stated the items of goods. Exhibit A shows two stamps on back of order. One recites: "Received Sept. 7, 1920, Daniel-Miller Company, Baltimore, Md." The other stamp recites: "Received March 22, 1920. Daniel-Miller Company, Baltimore, Md." Exhibit B shows order for Roper; salesman, Yinger; date not stated; items of goods stated; a note on order as follows: "Dear Mr. Neer: Won't you please have this set aside for this customer to come out with his woolens June 1st. There is not enough to make a shipment; he is a very exacting customer and I am trying to do everything I can to please him. Please let me hear from you. [Signed] Yinger." Stamped on back: "Received March 22, 1920. Daniel-Miller Company, Baltimore, Md." Exhibit C, order No. 723, shows order for Roper; salesman, Yinger; "Ship Frt. June 1st, with P. Dept. goods;" date, 10/1 regular; list of goods itemized; two stamps, one on face of order, and one on back; stamp on face recites, "Received Oct. 14, 1922;" and stamp on back recites, "Received March 22, 1920." It is quite clear from the evidence that the goods were purchased at Cisco, Tex., by order to the traveling salesman of the appellee, in March, 1920, for delivery at Cisco, Tex., by the 1st of June, 1920, and the undisputed evidence further shows no tender, offer, or attempt to make the delivery at Cisco, Tex., earlier than the latter part of September, 1920.

[1-4] It is true as a proposition of law, as stated by appellant, that, where a purchaser refuses to receive goods ordered by him, the seller may hold the goods subject to the order of the purchaser and sue for the price of the goods. But the statement contemplates that the seller has in all essentials complied with his contract in making the sale. Kelly v. Webb, 27 Tex. 368. Here the goods were to be delivered by June 1st and at Cisco, Tex. There is no evidence that the buyer refused to receive the goods on or about June 1st. The rule seems to be well established that, under a contract for a sale which provides for a delivery at a specified time and place, a delivery or tender of delivery as agreed must be shown to fix the liability of the buyer. Berg v. San Antonio St. Ry. Co., 17 Tex. Civ. App. 291, 42 S. W. 647, 43 S. W. 929. See, also, notes L. R. A. 1916E, 940. In same reference last above cited it is said that ordinarily, where a sale is between merchants, time is of the essence of the contract. The rule is well established that the time and place of delivery, when contracted for in sales, becomes essential, and must be observed to complete the contract.

What is said above applies to the second proposition, in which it is insisted that a delivery to the transportation carrier is delivery to the purchaser. Where appellant has failed to comply with its undertaking for the delivery of the goods within the time and at the place fixed by the agreement, and by reason of such failure no liability attaches to the buyer, the question presented as to the cancellation of the order and other propositions presented become immaterial.

For reasons stated, the case is affirmed.