BEASLEY MOTOR CO., Inc., v. WOODWARD.

No. 5335.

Court of Civil Appeals of Texas. Amarillo.

Sept. 29, 1941.

692

McWhorter, Howard & Cobb, of Lubbock, for appellant.

Syrian E. Marbut and Mel Janes, both of Lubbock, for appellee.

STOKES, Justice.

This action was filed by appellee, J. W. Woodward, against appellant, Beasley Motor Company, Inc., and others not necessary to mention, in which appellee sought to recover damages alleged to have accrued to him by reason of the negligence of appellant in failing to repair and redeliver to him a truck which he alleged had been damaged in a collision. He alleged that appellant entered into a contract with him in which it agreed for a consideration of $291.28 to make the repairs on his truck and redeliver it to him within a reasonable time after March 20, 1939, when he delivered it to appellant. He alleged that the truck was not properly repaired nor redelivered to him within a reasonable time, but was in the possession of appellant when the suit was filed and had been at all times since it had been delivered to appellant under the contract, although he had been, and was still, ready, willing and able to pay the charges in accordance with the contract.

Appellee alleged that his damages in the sum of $900 had arisen by virtue of the fact that he was engaged in the business of hauling his own goods to and from Lubbock and to and from various markets for the purpose of sale, and that he made a profit therefrom; that, in its present condition, the truck is unsafe and unfit to carry on his business, and that by reason thereof and the failure of appellant to comply with the terms and conditions of the contract to repair the truck and redeliver it to him, he had been damaged in the loss of profits which he would have derived from the business in which he was engaged in the sum of $900. . He alleged that, on account of the negligence of appellant, he had been unable to make twelve trips with the truck, which he otherwise would have made, and that he usually made a

profit of from $75 to $100 on each trip made with the use of the truck in his business.

Appellant filed and urged a general demurrer to the petition and also a number of special exceptions, most of which were in the nature of general demurrers to specific portions thereof, and all of them were overruled by the court. The evidence followed substantially the allegations and was of the same general nature concerning the alleged contract to repair the truck and the damages which appellee claimed he had suffered. There were no allegations as to the specific terms of the contract nor was it alleged or proved that the contract, by specific terms, made any reference to the business or nature of operations with the truck in which appellee was engaged. There were no allegations nor proof that appellant had any notice of the special damages claimed by appellee as having resulted to him by virtue of appellant's alleged failure to comply with the contract or redeliver the truck to him.

The case was submitted to a jury upon special issues and in answer to the seventh special issue the jury found that appellee's usual net income from each trip made by him was $75. Under the sixth special issue they found that, by reason of the failure of appellant to repair and redeliver the truck according to the terms of the contract, appellee had been prevented from making twelve trips with it which he otherwise would have made.

Based upon the findings of the jury, the court rendered judgment in favor of appellee for the sum of $900 occasioned by the fact that he was prevented from making twelve trips with the truck at $75 per trip. The judgment provided for certain deductions from this amount consisting of the balance due on a note which appellee had executed as part of the consideration for the truck and other items not necessary to mention.

■ It is elementary that in cases of this kind the damages which the plaintiff is entitled to recover are such as arise according to the ordinary course of the matters involved which bring about the consequences resulting from the breach of the contract, or such damages as reasonably may have been in the contemplation of the parties at the time the contract was made. This rule in reference to the contemplation of the parties at the time the contract was made applies to damages that may result from the loss of profits of business or business activities such as those in which appellee was engaged when the contract with appellant to repair the truck was executed. American Ry. Express Co. v. Bean, Tex.Civ.App., 233 S.W. 561.

■ The loss of profits under the circumstances alleged here constitute special damages and, unless it is shown by allegation and proof that remuneration for them was provided in the contract or was in the contemplation of the parties at the time it was made, or that notice of their probable loss was given to the defendant and that he entered into the contract in contemplation of such possibility, they are not recoverable. Pacific Express Co. v. Darnell Bros., 62 Tex. 639; Kenedy Town & Improvement Co. v. First Nat. Bank, Tex.Civ.App., 136 S.W. 558, 559; Davis v. Guitar, Tex.Civ.App., 248 S.W. 759; J. I. Case Threshing Mach. Co. v. O'Keefe, Tex.Civ.App., 259 S.W. 222; Conn v. Texas & N. O. Ry. Co., Tex.Civ.App., 4 S.W.2d 193; Cross v. Wilson, Tex.Civ. App., 33 S.W.2d 575.

■ Tested by the rule laid down by the above cited authorities and many others, appellee was not entitled to recover anything, under the pleadings and proof, for the loss of profits in his business and the general demurrer urged by appellant should have been sustained. Varner v. Dexter Gin & Mill Co-op. Ass'n, Tex.Civ. App., 39 S.W. 206. Even if the question of notice to appellant of the special damages that might accrue from its·failure to comply with the contract had been properly alleged and proved, still its special exceptions to the allegations of the petition should have been sustained. The pleading was too general and did not inform appellant upon what facts appellee based his allegations of loss of profits. It was entitled to know, from the pleading, the details concerning the manner in which the profits arose; the gross receipts of appellee from each of the trips that would have been made by him but for the failure of appellant to comply with its contract; the expenses that would have been incurred on each trip and other items of a similar nature that would have been involved so that appellant could prepare its defense to the contention that certain prof-

694

its resulted from the enterprise. Community Public Service Co. v. Gray, Tex. Civ.App., 107 S.W.2d 495.

There are a number of other assignments of error urged by appellant, but the matters involved in them will probably not arise upon another trial and we deem it unnecessary to discuss them.

For the errors we have pointed out, the judgment of the court below will be reversed and the cause remanded.