## LACHS v. McNAIR.

### No. 2771.

Court of Civil Appeals of Texas. Waco.

Dec. 18, 1947.

Ward & Brown, of Corpus Christi, and B. H. Kirk, of Robstown, for appellant.

J. F. Park, of Corpus Christi, and E. B. Grimes, of Robstown, for appellee.

118

HALE, Justice.

Appellee sued appellant to recover the reasonable value or, in the alternative, the contract price of 283,320 pounds of milo maize theretofore delivered at Weil Switch and Robstown, respectively, during the harvest season of 1945. Appellant answered with a general denial and by way of cross action sought damages against appellee on account of the latter's alleged breach of contracts, oral and written, to deliver 600,000 pounds of maize to him at Robstown. Appellee pleaded a general denial to the cross action asserted by appellant. He also pleaded in substance that if there was any binding express agreement between the parties with respect to the subject matter of the suit, the same was entirely verbal; that the written memoranda pleaded by appellant had been materially altered and changed after the signing and delivery thereof by appellee, thereby rendering the same invalid; that by the terms of the verbal contract between the parties, appellee had agreed to sell and appellant had agreed to buy all of the maize grown by appellee during the year 1945, not to exceed 600,000 pounds, at the price of $1.20 per cwt., delivery thereof to be made at Weil Switch, upon the condition that appellant would provide railroad cars and furnish a loader at Weil Switch for the purpose of receiving delivery of the maize; that appellant wholly failed and refused to furnish a loader or to provide railroad cars at Weil Switch for the purpose of receiving delivery of the grain, as he had agreed to do; and that by reason of appellant's breach of the contract in such particulars appellee had been relieved from further performance thereof.

The parties stipulated upon the trial that the total amount of maize grown and harvested by appellee during the year 1945 was 587,250 pounds, and that the market value thereof at Weil Switch and at Robstown was $1.93 per cwt. at all times during the harvest season of that year.

The case was tried before a jury. In response to 10 special issues the jury found in effect that on or about May 3, 1945, the parties agreed that appellee would sell and appellant would buy 600,000 pounds of maize at $1.20 per cwt. of appellee's 1945 crop, such grain to be delivered at Weil Switch and not at Robstown; that appellant further agreed to furnish a loader in good operating condition and to provide railroad cars at Weil Switch to load the grain to be delivered by appellee, but that appellant had failed so to do; that appellant did not inform appellee at the time of such agreement that he had resold the grain so purchased from appellee; and that appellant, without the knowledge or consent of appellee, had changed the written memoranda in evidence after the signing thereof by appellee, by adding thereto certain letters, words and figures not originally included therein.

Appellant then moved the court to render judgment upon the verdict of the jury in favor of appellee for the sum of $1,181.-15. The motion was based upon specific allegations to the effect that appellee was entitled under the verdict of the jury and the undisputed evidence to recover $3,399.-84 for 283,320 pounds of maize at $1.20 per cwt., less $2,218.69, the latter amount representing appellant's damages under his cross action on account of appellee's failure to deliver 303,930 pounds of maize, such damages being based upon 73¢ per cwt., that being the difference between the contract price and the market value of the maize which appellee failed to deliver. The court overruled appellant's motion and rendered judgment for appellee in the sum of $3,399.84. Thereafter, the court overruled appellant's motion for new trial and hence this appeal.

Appellant says the court below erred in overruling his motion for judgment on the verdict of the jury. The two specific grounds of the motion were substantially as follows: (1) It affirmatively appears from the uncontroverted evidence in the case that appellant's agreements to furnish cars and a loader at Weil Switch for the purpose of receiving delivery of the grain were merely "subsidiary conditions" of the contract found by the jury and hence appellant's failure to comply with such conditions did not excuse appellee's failure to deliver the additional 303,930 pounds of maize covered by the contract; and (2) if such conditions were "material and independent covenants" of said contract, the

uncontroverted evidence shows that appellee waived the provisions thereof by reason of his tender of grain at Robstown, both before and after appellant's breach of the contract as found by the jury. We cannot sustain either of these contentions for reasons which we shall note briefly.

It is elemental that the dominant and cumulative purpose of pleadings and evidence is to serve as the foundation for harmonious findings of issuable facts to the end that each, separately, and all, collectively, shall ultimately form a proper basis for the rendition of a correct judgment. Rule 301, Texas Rules of Civil Procedure; Eubanks v. Akers, Tex.Civ.App., 197 S.W.2d 370, points 1 and 2 and authorities.

It is also well settled that one who seeks damages on account of the breach of a contract must recover upon the contract alleged or not at all. Atlas Torpedo Co. v. U. S. Torpedo Co., Tex.Civ.App., 15 S.W.2d 150, point 3 and authorities; Clem v. Fulghum, Tex.Civ.App., 37 S.W.2d 201, point 3 and authorities; Ware v. Poindexter Furniture Co., 131 Tex. 568, 117 S. W.2d 420, point 3 and authorities.

In this case appellant did not plead, either in the alternative or otherwise, any contract to deliver maize at Weil Switch. On the contrary, he expressly denied the existence of such contract and predicated his asserted right of recovery under his cross action solely upon alleged contracts to deliver maize at Robstown. The place of delivery was an essential and disputed element of the contracts thus declared upon by him. Daniel-Miller Co. v. Roper, Tex. Civ.App., 270 S.W. 1087. In our opinion, the variance between the terms of the contracts alleged by appellant and the contract found by the jury was fatal to any right of recovery under appellant's asserted cross action.

Furthermore, appellant did not allege in his trial pleadings that his agreements, if any, to furnish cars and a loader at Weil Switch were merely subsidiary conditions of the contract pleaded by appellee, or that appellee waived such provisions. We think it was necessary for appellant to plead such facts if he wished to rely upon them, or any of them, as constituting an avoidance or affirmative defense against the cause of action asserted by appellee. Rule 94, T.R.C.P.; Reid v. Associated Employers' Lloyds, Tex.Civ. App., 164 S.W.2d 584 (err. ref.); City of Coleman v. Kenley, Tex.Civ.App., 168 S.W.2d 926 (err. ref. Wr. of Mer.); City of Wichita Falls v. Bruner, Tex.Civ.App., 191 S.W.2d 912.

Moreover, regardless of the state of the pleadings, we cannot say the undisputed evidence showed that appellant's agreements to furnish cars and a loader at Weil Switch were merely subsidiary conditions as distinguished from independent covenants of the contract found by the jury, or that appellee waived such provisions by delivering some of the grain at Robstown. The evidence shows that appellant was a grain merchant and appellee was a producer of grain at all times material to this suit. Appellant maintained a storage warehouse at Robstown for the purpose of receiving delivery of grain, but he had no facilities at Weil Switch for that purpose. Appellee operated a farm about 16 miles from Robstown and 2½ miles from Weil Switch. His maize crop had to be cut and harvested when it reached a certain stage of maturity and dryness. He delivered a few truckloads of maize to appellant at Robstown before any cars had been loaded at Weil Switch, and he also delivered a few truckloads at Robstown after having loaded approximately 200,000 pounds into two box cars at Weil Switch. Appellee testified in substance that he had facilities available to cut, harvest and deliver his entire maize crop to appellant at Weil Switch; that he was ready, able and willing to do so, and that he would have done so if appellant had furnished cars and a loader at that point, as he had agreed to do; that he took the first three truckloads of his maize crop to Robstown for moisture tests, in order to determine whether his grain was then dry enough to be loaded directly into box cars at Weil Switch; and that after he had loaded two box cars at Weil Switch he took the remainder of the maize in his field to Robstown because he did not have enough maize left in his field at that time to fill a box car and he did not want to be penalized for loading less than a full car.

Appellant further contends that if the undisputed evidence did not show conclusively that his agreements to furnish cars and a loader at Weil Switch were merely subsidiary conditions of the contract. alleged by appellee, or that such provisions in the contract had been waived, then these issues were tendered by the evidence and should have been submitted to the jury. We cannot sustain either of these contentions because, in addition to what has already been said, appellant did not object to the court's charge on account of its failure to submit such issues, he did not request the submission thereof, and he made no complaint in his Motion for New Trial on the ground that the court had failed or refused to submit the same. If the issues be regarded as unsubmitted elements in the ground of recovery relied upon by and submitted on behalf of appellee, then appellant should have objected to the court's charge unless he was willing for the trial court to find the facts on such unsubmitted element or elements. On the other hand, if they be regarded as affirmative defenses, then appellant should have requested their submission unless he was willing to waive the same. Consequently, we do not think he is in any position now to complain in this court on account of the trial court's failure to submit such issues. Rule 279, T.R.C.P.; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W. 2d 1084; Wichita Falls & Oklahoma R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

Finding no reversible error in the record, all of appellant's points are overruled and the judgment of the trial court is affirmed.