**HARVEY v. CROCKETT DRILLING CO.**
No. 2981.

Court of Civil Appeals of Texas. Waco.
Oct. 4, 1951.

Carter & Carter, Marlin, for appellant.

Leonard Howell, Midland, Robert D. Peterson, Marlin, for appellee.

HALE, Justice.

Appellee, a partnership composed of D. C. Schroyer and J. S. Murchison, sued appellant for damages on account of the breach of an oral contract for the drilling of an oil well. The case was tried before a jury. Upon the conclusion of the evidence the trial court submitted four special issues to the jury, issues 1, 2 and 3 relating to liability and issue 4 to damages. The court rendered judgment on the findings of the jury in favor of appellee for the sum of $1200.

Under the first point in his brief appellant says the judgment should be reversed because the trial court erred in submitting special issue 4 to the jury over his objection that there was no pleading to support the same. The issue as submitted was as follows: "From a preponderance of the evidence, if any, what reasonable and necessary expenses, if any, do you find that the plaintiff would have incurred had the hole been drilled according to the contract in question?" Appellant duly objected to the submission of this issue on the grounds, among others, that there was no pleading or evidence in the cause to support the submission thereof, but such objections were overruled and appellant assigned error in his motion for new trial on the action of the court in overruling each of his objections to the submission of such issue. The jury returned an answer of $1500 to the issue as submitted and thereupon the trial court rendered judgment for appellee in the sum of $1200 on the theory that if appellee had drilled the well to a depth of 1200 feet according to the contract in question it would have been entitled to receive $2.25 per foot from appellant in the total sum of $2700.

The common and cumulative purpose of pleadings and evidence is to serve

as the foundation for harmonious findings of issuable facts raised thereby, if any, to the end that each, separately, and all, collectively, shall ultimately form a proper basis for the rendition of a correct judgment. Rule 301, Texas Rules of Civil Procedure; Eubanks v. Akers, Tex.Civ.App., 197 S.W.2d 370; Lachs v. McNair, Tex.Civ.App., 207 S.W.2d 117. Consistent with this fundamental concept, Rules 277 and 279, T.R.C.P., provide in substance that when a case is submitted to a jury on special issues, the court shall submit the controlling issues made by the written pleadings and the evidence. Consequently, as a general rule the trial court should not submit to the jury over timely objection any ultimate or controlling issue of fact which is not raised by the written pleadings, regardless of whether the evidence admitted in the case might or might not be sufficient to raise such issue. 41 Tex.Jur. p. 1038, Sec. 235 and authorities; Erisman v. Thompson, 140 Tex. 361, 167 S.W.2d 731; Safety Casualty Co. v. Teets, Tex.Civ.App., 195 S.W.2d 769, er. ref.; Kiel v. Mahan, Tex.Civ.App., 214 S.W.2d 865, er. ref. n. r. e.

In this case appellee alleged in its trial petition the terms of the contract sued upon and a breach thereof by appellant, and that as a result thereof it had been damaged in the sum of $1200. In the alternative, if mistaken as to its damages in the sum of $1200, it further alleged that it was entitled to recover the reasonable and necessary expenses of moving its equipment from Crockett, Texas, to appellant's leasehold in Falls County and its loss of time, these items amounting to the total sum of $932. But it did not allege the total amount of expenses it would have incurred if it had drilled the well according to the terms of its contract, or the items of such total expense, or that all of such items would have been reasonable or necessary. It did not allege any loss of profits as a result of the breach of the contract sued upon, or the amount thereof, or the items giving rise thereto, or that appellant was charged with notice of the same at the time the contract was entered into or breached.

Rule 56, T.R.C.P., in regard to pleadings in the district and county courts is as follows: "When items of special damage are claimed, they shall be specifically stated." In our opinion the fact elements involved in issue 4 related to special damages as distinguished from general damages. It has long been the law in this State that damages which naturally and necessarily flow or result from wrongful conduct alleged are regarded in legal contemplation as general damages, and need not be expressly pleaded. On the other hand, special damages are such as are the natural but not the necessary result of the act complained of, and are not recoverable unless specially pleaded. 13 Tex.Jur. p. 319, Secs. 174 and 175; Moore v. Anderson, 30 Tex. 224, 225; Texas & P. Ry. Co. v. Curry, 64 Tex. 85; Campbell v. Cook, 86 Tex. 630, 26 S.W. 486, 40 Am.St.Rep. 878; Pecos & N. T. R. Co. v. Coffman, Tex.Civ.App., 160 S.W. 145, er. ref.; Cisco & N. E. R. Co. v. Ricks, Tex.Civ.App., 33 S.W.2d 878; Stafford v. Powell, Tex.Civ.App., 148 S.W.2d 965; Atchison, T. & S. F. Ry. Co. v. Butler, 127 Tex. 154, 93 S.W.2d 143; Humble Pipe Line Co. v. Day, Tex.Civ.App., 172 S.W.2d 356, er. ref. We do not think it can be said that a loss of profits will necessarily result from the breach of a contract to drill an oil well.

Furthermore, while the loss of business profits is recoverable in a proper case as a correct measure of damages for the breach of a contract, it is generally held that such damages are consequential and special in nature and are such as to require the aggrieved party not only to plead the same but to set forth in his pleadings the various items giving rise to such loss of profits and the amount of the special damages which he seeks to recover of his adversary. Whiteside v. Trentman, 141 Tex. 46, 170 S.W.2d 195; City of LaGrange v. Pieratt, 142 Tex. 23, 175 S.W.2d 243; Kenedy Town & Improvement Co. v. First National Bank, Tex.Civ.App., 136 S.W.2d 558; Texas Power & Light Co. v. Roberts, Tex.Civ. App., 187 S.W. 225; Community Public Service Co. v. Gray, Tex.Civ.App., 107

S.W.2d 495; Beasley Motor Co. v. Woodward, Tex.Civ.App., 154 S.W.2d 691.

We think it is quite clear from the record before us that the trial court submitted issue 4 to the jury on the theory that if appellee was legally entitled under the pleadings and evidence in this case to recover any damages from appellant, it was entitled to recover the total amount of net profits it would have realized from a complete performance of the contract by both parties, provided such profits did not exceed the sum of $1200. For the reasons herein stated we do not agree with that view. Because we have concluded that the trial pleadings did not in anywise raise the fact elements involved in such issue, we hold that the court below erred to the prejudice of appellant in submitting the same to the jury over timely objection and in rendering judgment based upon the finding of the jury to the issue as submitted.

During the trial of the case counsel for appellee offered in evidence an ex-parte affidavit of Murchison to which was attached an itemized account of labor and services performed by appellee for appellant. The affidavit recited in substance that the prices set forth in the account are just, reasonable and unpaid; that the services were performed under a contract between Schroyer and appellant in connection with an oil, gas and mineral leasehold interest owned by appellant in a tract of land therein described; and that affiant claimed for appellee a lien upon the leasehold interest so owned by appellant as security for the payment of such account. The account consisted of the following items and amounts, viz: for loading pump, drill pipe, collars etc. five hours at $6 per hour, $30; for truck drayage from Crockett, Texas to appellant's lease site in Falls County on above equipment, $75; for unloading above equipment at lease site two hours at $6 per hour, $12; for hauling derrick, draw works, etc. from Crockett, Texas to appellant's lease site, $75; for hauling drill pipe and water tank, $50; for time drill and equipment was out of operation due to moving, ten hours at $15 per hour, $150; for loss of time and delay due to inoperation of rig and equipment because of appellant's notice not to drill, thirty-six hours at $15 per hour, $540; total amount $932.

Appellant timely interposed objection to the introduction of the affidavit and attached account in evidence before the jury, upon the grounds, among others, that this suit was not an action on an open account within the purview of Rule 185, T.R.C.P., that the affidavit and attached account were not in the form required by said rule, that such instrument was merely an ex-parte statement, was hearsay and not the best evidence of the facts therein recited. The court overruled appellant's objections and permitted the instrument to be introduced in evidence before the jury. Appellant excepted to the ruling of the court, assigned error on such ruling in his motion for new trial and presents such ruling here as a ground for reversal of the judgment appealed from.

We find nothing in the trial petition of appellee which in any wise indicates that this suit as tried was an action founded upon an open or sworn account within the meaning of Rule 185, T.R.C.P. Taylor-Link Oil Co. v. Anderson, Tex.Civ.App., 92 S.W.2d 499, er. dis. Furthermore, Murchison was not present at the trial, was not subject to cross-examination, and he did not state in the affidavit that the items and amounts set forth in the attached account were matters that were within his own knowledge. On the contrary, it appears that some of the statements of fact in the affidavit were made on information and others related to things that were done by Schroyer. Hence it appears to us that at least a part of the information contained in the affidavit was necessarily hearsay. Heard v. Howard, Tex.Civ.App., 215 S.W. 2d 364. Under the existing circumstances we think the trial court erred in admitting the affidavit and account in evidence.

Because of the errors discussed, the judgment appealed from is reversed and the cause is remanded to the court below for another trial.