## LANGE v. INTERSTATE SALES CO.
### (No. 5272.)

(Court of Civil Appeals of Texas. San Antonio. April 29, 1914. Rehearing Denied May 20, 1914.)

1. SALES (§ 168*) — DELIVERY — EXECUTORY SALE.

One who ordered an automobile of a certain make and color, with certain equipment, and with the buyer's initials thereon, has the right to inspect the car before accepting it, and delivery thereof could not be made until after the buyer or her authorized agent had had reasonable opportunity to make such inspection, and a charge that an unconditional tender of delivery at defendant's residence woud be sufficient, whether she or anyone authorized by her were present to receive the car or not, was erroneous.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 403–408; Dec. Dig. § 168.*]

2. EVIDENCE (§ 237*)—DECLARATIONS OF AGENT—PROOF.

Declarations by the children of the buyer of an automobile showing a delivery of the car to them as their mother's agents are inadmissible in an action against the buyer for the purchase price, in the absence of proof of the agency aside from the relationship and the declarations of the children.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 883–886; Dec. Dig. § 237.*]

3. TRIAL (§ 244*)—INSTRUCTIONS—COMMENT ON EVIDENCE—UNDUE PROMINENCE OF PARTICULAR MATTERS.

In an action for·the purchase price of an automobile, which defendant denied had been delivered, it was improper for the court to single out and weaken or destroy testimony as to the furnishing of a demonstrator to run the car and as to the housing of the car, by explaining to the jury the effect·of such testimony.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

4. SALES (§ 358*)—ACTIONS BY SELLER—ADMISSIBILITY OF EVIDENCE—MATERIALITY.

In an action for the purchase price of an automobile, where the plaintiff claimed delivery to the children of defendant as her agents, tes-

timony as to the anxiety of the children to obtain possession of the car had no probative value and was improperly admitted.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1049–1055; Dec. Dig. § 358.*]

Appeal from District Court, Galveston County; Robert G. Street, Judge.

Action by the Interstate Sales Company against Augusta L. Lange. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

Marsene Johnson, Elmo Johnson, and Roy Johnson, all of Galveston, for appellant. D. D. McDonald, of Galveston, for appellee.

FLY, C. J. This is a suit instituted by appellee to recover the value of an automobile sold by it to appellant, a feme sole. The defense to the suit was that the automobile was never delivered to appellant. The cause was tried by jury and resulted in a verdict and judgment for appellee in the sum of $3,420.

The facts showed that appellant had, in the autumn of 1912, placed an order with appellee for a National, seven-passenger, touring automobile. Appellee did not have the automobile in stock, but it was to be ordered from the factory and was to be fully equipped as stated in the catalogue, besides additional equipment, to be a certain color, and to be guaranteed for a year, at the price of $3,520 in Galveston. Appellant went to New York, and while she was gone the automobile arrived in Galveston, and, according to the testimony of Toebelman, the general manager of appellee, Willie Lange, a minor son of appellant, assisted in unloading the car and went in it to the garage of appellee. The car was driven by an employé of appellee, and Willie requested that it be sent out to his mother's house on the next day. On the next day, which was Friday, the daughters of appellant telephoned that they wanted the automobile and it was sent out by appellee. Toebelman testified that he telephoned to Alvin Lange, an adult son of appellant, about delivering the car, and that he told the witness to deliver the car to the other children of appellant, as he had been informed that his mother had written to his sisters that they could use the car during her absence. Alvin Lange also promised to give a check for the car as soon as his mother arrived from New York. Toebelman stated that after this conversation he ordered Billie Mather, a chauffeur, to take the car out and deliver it to the children of appellant. The children rode in the car, the chauffeur driving, or sitting by instructing a member of the family to drive. At night the car was carried back to the garage of appellee. On Saturday the automobile was again taken out by Billie Mather. There were three Lange young ladies and two minor boys living with their mother. The youngest boy was 14 years old. Mather, under instructions from appellee, on Saturday afternoon took the car out, and Oscar, the youngest boy, was permitted to drive the car, and while on the boulevard he lost control and the machine went over the seawall and was wrecked. Appellant and the young ladies denied that appellant had written a letter to them such as Toebelman swore that Alvin told him about, and the latter swore that he never told Toebelman that such a letter had been written, or that he had authorized a delivery of the car to his sisters and brothers. The young ladies and Willie Lange denied the delivery of the car to them.

[1] The facts raised a sharp and direct issue as to the agency of appellant's children, as well as the delivery of the car to them. If they were the real or apparent agents of appellant and a delivery of the car was made to them, appellant is liable for the purchase price of the car. These were the crucial points in the case, and yet the question of agency was not submitted by the court to the jury; but, on the other hand, the question of agency of the children was eliminated by an instruction "that tender of delivery at the residence of Mrs. Lange, if made unconditionally, would be sufficient, whether she or any one authorized by her was there to receive it or not." Under that instruction, if appellee had sent the automobile to the residence of appellant in her absence, no one else being authorized to receive it, and left it standing at the curbing of her sidewalk, there was a delivery of the car. This is not the law as applied to the facts of this case at least.

Appellant had ordered a certain kind of automobile, of a certain color, with certain equipment, and initials inscribed on it, and she had the undoubted right, the contract being executory, to inspect the car and see if it met the contract specifications. She could not be compelled to accept the car without the right of inspection being given her, or her duly constituted agent. The right of inspection carried with it a reasonable time in which to make such inspection, but under the charge of the court, the car could have been left at the residence of appellant, without notice to her, within an hour after its arrival in Galveston, and she would become absolutely responsible for its purchase price. The facts of this case create an executory sale, and it was so treated by appellee. It did not consider the car the property of appellant, as soon as it reached Galveston, but treated it as its property until, as it claims, it had been satisfied by Alvin Lange as to the purchase price and the agency of the members of the family. "Where, under a contract of sale, the property in the goods is transferred from the seller to the buyer, the contract is called a sale; but, where the transfer of the property in the

goods is to take effect at a future time or subject to some condition thereafter to be fulfilled, the contract is called an agreement to sell. An agreement to sell becomes a sale when the time elapses or the conditions are fulfilled subject to which the property in the goods is to be transferred." Mechem, Sales, § 6. The title of the car did not pass to appellant until she had inspected it. Railway v. Ogburn, 26 Tex. Civ. App. 217, 63 S. W. 1072. "When the contract is executory, as it always is when a particular article is ordered, without being seen, from one who undertakes it shall be of a given quality or description, and the thing sent as such is never completely accepted, the buyer is not bound to keep it, or pay for the article on any terms, though no fraud was intended by the vendor." Fogel v. Brubaker, 122 Pa. 7, 15 Atl. 692.

Appellee did not consider that the title to the car had passed to appellant, because he refused to allow the sons and daughters of appellant to have possession of the car until another brother had agreed to pay for it. This refusal was made although appellee attempts to show that the children were the agents of appellant.

Appellant swore that under the terms of the contract she was to have the machine demonstrated to her and exhibited for approval before she was under any obligation to accept or pay for it, and yet in the face of that testimony the jury was informed that appellee could have delivered the car at her house, without her knowledge and she would be liable. The charge was clearly erroneous.

[2] The declarations of Alvin Lange, or of any of the other children of appellant, could not bind appellant unless it had been shown that they were the agents of appellant. Agency could not be established by their declarations or admissions, nor could it be inferred from their relationship to appellant. To render such admissions or declarations admissible, the agency must be established, the admission must have been made in regard to something within the scope of the agency, and must constitute a part of the res gestæ. White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13.

[3] We fail to see the appropriateness of the charge explaining to the jury the effect of the testimony as to a demonstrator being furnished to run the car and as to the housing of the car. These were facts to be passed upon, as any other, by the jury, and the trial court had no right to single them out and weaken or destroy their effect.

[4] The anxiety of the children to obtain possession of the car before the return of their mother had no legal bearing on the case and it was error to admit such testimony. Such testimony had no probative force on the subject of agency. The acts and declarations of the young ladies and boys in connection with the automobile could not be used to prove agency.

The judgment is reversed and the caues remanded.