## COUNTS v. QUIN.  (No. 265.)

Court of Civil Appeals of Texas. Eastland.
Feb. 11, 1927.

Cox & Hayden, of Abilene, for appellant.
R. W. Haynie, of Abilene, for appellee.

LESLIE, J.  This suit was filed by appellee (plaintiff below), in the district court of Taylor county, Tex., to recover of appellant, W. D. Counts (defendant below), the sum of $1,000 alleged to be an overpayment by mistake of that amount for cotton purchased from appellant through appellee's agent, B. M. Murphy, at Lawn, Tex., October 21, 1925. Appellee answered by general demurrer and general denial.

Trial was before the court without a jury, and judgment was rendered for appellee, and this appeal prosecuted on due notice. The record contains no findings of fact or conclusions of law by the trial court, as none were requested.

The appellant urges four assignments of error, the first three of which are to the admissibility of certain testimony, and the fourth to the insufficiency of the evidence to support the judgment of the trial court.

The first assignment complains of the admission in evidence of the original acceptance or draft for $5,516.26 (alleged to be $1,000 overpayment by mistake) and the appellee's testimony with reference thereto, and the second and third assignments are directed at certain invoices of cotton sales and the books of the appellee, which were admitted in evidence by the trial court, along with the testimony of the appellee relative to the correctness thereof, and the manner in which the same were kept.

It appears that the plaintiff, C. A. Quin & Co., were engaged in the business of buying cotton, with main office at Abilene, Tex. That B. M. Murphy was the local agent and representative of the company at Lawn, Tex., purchasing cotton and paying therefor by draft drawn on the appellee with cotton tickets and invoices attached. In this case, the invoices and the acceptance or draft appeared to be made out in the handwriting of B. M. Murphy, though the acceptance for $5,516.26 was signed by the appellant, W. D. Counts, who admitted doing so, and that he received for cotton sold the sum of money for which the draft was drawn.

Quin & Co. conducted its business, so far as this transaction discloses, substantially as follows: B. M. Murphy local agent at Lawn, purchased cotton through the weekdays, drawing on appellee's account in payment therefor, and on Saturdays would come into Abilene and he and his principal, C. A. Quin, would go over and check the week's business done by him, and in so doing would enter on the company's books such data as was shown by the invoices evidencing Murphy's business during the week. These books and invoices were offered and admitted in evidence, though the agent, Murphy, who purchased the cotton and made the invoices evidencing the transaction, and who at time of trial resided at Houston, Tex., was not present at the trial and did not testify by deposition or otherwise as to the correctness and accuracy of the invoices. Supplementary testimony by appellee was offered that the records kept by him were correct, and that they were kept by him in conjunction with Mr. Murphy. The contents of the books were merely a reflection of the contents of the invoices, and compiled in the manner above indicated.

■■■ Before the invoices could have been received as evidence for any independent purpose, the usual predicate for their introduction should have been laid, and the testimony of Murphy that he made them, and that they were correct, would have rendered them admissible under a long-established rule of evidence in this state. Midkiff v. Benson (Tex. Civ. App.) 235 S. W. 292; Underwood v. Parrot, 2 Tex. 168. However, the testimony complained of was doubtless viewed by the trial court and admitted, not so much in the sense that properly proved up invoices are accepted in evidence, but rather as parts and parcels of conversations and alleged admissions by appellant relative to the invoices and this controversy.

There is evidence in the record that when the mistake of overpayment was discovered by Quin & Co., the appellant, W. D. Counts, was notified thereof, and that, in consultation with the appellee and one H. M. McBeath, the appellant admitted the mistake or error in the sum of $1,000 in the acceptance and offered to pay or adjust the same, suggesting different plans to meet the convenience of his financial ability to do so at the time. There is other evidence that the appellant came to the office at Abilene, having in his possession all of the invoices covering the draft for $5,516.26, and there checked them over with the witness McBeath, and that after doing so, he acknowledged that there was an honest mistake in the amount claimed, and offered to re-

pay the same. True, the appellant denied this, but under the testimony of appellee and the witness McBeath, said invoices, together with the original draft, signed by the appellant and upon which he had received the amount called for therein, were, we believe, properly admitted in evidence as an admission or part admission by the appellant relative to the subject-matter upon which this suit is based. The draft being signed by the appellant, and he having testified that he received from appellee the sum for which the same was drawn, the instrument would evidently be pertinent testimony in the trial of the issues in this cause.

For the foregoing reasons, the appellant's first two assignments relative to these matters are overruled.

■■ The books of account were made up from the invoices as above indicated. The testimony of the appellee and McBeath with reference to the same, as shown, was that the appellant admitted the invoices in question were correct, having brought copies thereof to the appellee's office and checked the same. Only those portions of the books relating to these transactions were introduced. The vice in the predicate for the introduction of the books was the lack of testimony showing the invoices were correct. The testimony just referred to supplied this omission and rendered the entries relating to the invoices admissible. However, if the appellant's view that the appellee's books of account should not have been admitted in evidence is correct, still the error would not, under the state of this record, be of sufficient importance to reverse the case, for the reason that the entries in the books merely reflected the contents of the invoices and added nothing to the appellee's case.

■■ By the fourth assignment the appellant questions the sufficiency of the evidence to support the verdict. We have considered the assignment, and it is overruled for the reason that we have closely read the record and conclude that the evidence stated in substance above is sufficient to support the judgment of the trial court. There are no findings of fact in the record, and since the trial was by the court without a jury, if there is any testimony in the record on which the judgment could be predicated, we must attribute to the trial court the use of such testimony as a basis for this judgment. Robinson v. Dale, 62 Tex. Civ. App. 277, 131 S. W. 308; Martin et al. v. Frank (Tex. Civ. App.) 125 S. W. 958.

For the reasons assigned, the judgment is affirmed.