DOLORES DÍAZ Y VÉLEZ, ETC., Plaintiff and Appellee, *v.* SIMPLICIO ARROYO, Defendant and Appellant.

No. 6800. Argued January 17, 1936.—Decided July 8, 1936.

*Ildefonso Freyre,* for appellant. *Pascasio Fajardo Martínez* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

█ The first assignment is that the district court erred in overruling a demurrer for want of facts sufficient to constitute a cause of action. The action was for damages caused by a bullet wound which, it was alleged, defendant had inflicted through negligence. The theory of the demurrer was that the complaint did not show that defendant saw or could have seen plaintiff or had any reasons to believe at the time of firing that he would wound plaintiff or any other person. The complaint alleged:

"That . . . the plaintiff, a minor, was near the house where she lived, on a piece of property belonging to Quintín Ramírez and located in the Ward Llanos Costa in the municipal district of Cabo Rojo, and judicial district of Mayagüez, gathering firewood for his sister, Lucila Díaz, with whom she was living, and at that moment defendant, Simplicio Arroyo Pabón, was on another piece of property belonging to the Succession of Juan Arroyo situated in the same Ward, municipality and judicial district (which properties are separated by the public road known as Guanábanas) standing at the door of a shop facing the spot where the minor was gathering firewood.

"*Third.*—That at the time of the day, month and year and to the place mentioned, defendant, negligently and without taking precautions, handled a revolver, which is a deadly and dangerous weapon *per se,* and fired a shot in the direction of the spot where the said minor was, at such height and in such a way that the bullet wounded the plaintiff in the middle of the back of the neck between the trunk and the head."

The foregoing description is enough to show that the place where the shooting occurred was not an uninhabited or sparsely settled region. The surrounding circumstances, as indicated in the complaint, imposed upon defendant the duty of ascertaining whether there was any one within range before firing across a public road in the direction of a spot near a dwelling house where the presence of children or adults was to be expected. This averment as to the place and surrounding circumstances, coupled with the averment in the succeeding paragraph to the effect that defendant "negligently and without taking any precaution whatever"

fired his revolver in plaintiff's direction, was a sufficient showing as to negligence. Bancroft, Code Pleading, Vol. 4, p. 3583, Section 2038; Restatement of the Law of Torts, Vol. 2 (On Negligence), p. 1295, Section 500 (d); *Pigeon* v. *Fuller* (Cal.), 105 Pac. 976; 45 Corpus Juris 1066, Section 638; 45 Corpus Juris 651, 653, 657; *Bolin* v. *Balinger,* 293 Pac. 472; *Corn* v. *Shepard,* 229 N. W. 869, 870; *McLaughlin* v. *Marlatt,* 246 S. W. 548; 20 Ruling Case Law 11; Section 8, Section 9, p. 13; Section 11, p. 15 and Section 26, p. 32; *Maning* v. *Jones,* 129 S. W. 791.

█ The third assignment is that the district court erred in permitting plaintiff to introduce evidence tending to show an offer of compromise. Counsel for plaintiff asked defendant on cross examination whether or not he had paid plaintiff a weekly amount. He answered in the negative. Counsel for defendant objected on the ground of irrelevancy. The judge said that the question had already been answered. Counsel for plaintiff then asked defendant whether he had gone to the bank and countermanded payment of a check for $7, used in the purchase of medicines at a drug store. Defendant again answered in the negative.

Plaintiff's father, Antonio Díaz, then testified in rebuttal; that Arroyo had ordered his son in Cabo Rojo to pay plaintiff and the son paid plaintiff $7.50; that they paid witness first in money and afterwards told him that they were going to give it to him in checks; that when he, plaintiff, took the child to the fiscal, defendant was angry because witness had exhibited the check before the district attorney and they did not pay it; that when the child was sent to Ponce for an examination, defendant gave witness $2.

Simplicio Arroyo then testified in surrebuttal: that he had not ordered his son to give money to Antonio Díaz; that witness gave Díaz a dollar the day he took his daughter to Ponce; that the son of witness was *aparte* (different); that he was of age and had his separate business. Asked on cross examination whether he did not remember having given

Antonio Díaz checks on two or three different occasions, witness answered in the negative. Next ensued the following incident:

"Attorney Fajardo. We move the court to direct that the druggist who received the check when plaintiff went to get the medicines be summoned.

"The court. Let the summons be served today for him to appear at 9 A.M. tomorrow. Court adjourned until 9 A.M. tomorrow."

When court convened on the following day counsel for defendant cited *Pérez* v. *Guánica Centrale,* 17 P.R.R. 927, in support of the contention that an offer of compromise was not admissible in evidence. The district judge said that the doctrine was clear. Plaintiff's attorney said that he accepted the doctrine. Counsel for defendant then requested that the witness who had been called should not be permitted to testify. Plaintiff's attorney explained that the testimony would be in rebuttal of defendant's statement that he had never given any money. The judge then said: that the case most applicable to the case at bar was *Colomé* v. *Guánica Centrale,* 16 P.R.R. 442; that what the Supreme Court said in that case was *obiter dictum;* that the facts in the instant case were entirely different; that the court would admit the testimony; that if a case could be found applicable to the facts in the instant case, the judge would examine it and on rendering judgment would state whether or not he had considered such judgment. Counsel for defendant took an exception to this ruling.

The druggist then testified: that Antonio Díaz had paid for certain medicines with a check signed by Monserrate Arroyo; that the check was returned by the bank. Counsel for defendant moved to strike the testimony of this witness. The motion was overruled. This testimony was followed by further surrebuttal on the part of defendant. This controversy as to whether defendant spent small amounts of money for the relief of plaintiff covers some fourteen pages of the stenographic record. All of the testimony tending to show

such payments, whether regarded as showing an effort to compromise or as showing an admission of liability was clearly inadmissible for either purpose. The *obiter dictum* in *Colomé* v. *Guánica Centrale,* correctly stated the law. *Grogan* v. *Dooley,* 105 N. E. 135; *Finn* v. *New Eng. Telephone Co.,* 64 Alt. 490; *Pooles Seed and Implement Co.* v. *Rudene,* 200 p. 1104; *Weeks* v. *New Orleans Ry.,* 32 La. Ann. 615; *Smith* v. *Baily* (N.Y.), 14 App. Div. 283; *Sias* v. *Consolidated Lighting Co.,* 50 Atl. 554; *Norman* v. *Porter,* 148 S. E. 41; *Brown* v. *Wood,* 160 S. E. 281; *Ocean Accident Co.* v. *Missouri Engineering Co.,* 63 S. W. (2d) 196; *Arnold* v. *Owens,* 78 F. (2d) 495; *St. Louis Ry. Co.* v. *Holmes,* 131 S. W. 692; *Haugh* v. *Kirsch,* 135 Atl. 568; *Goinesville Midland Ry.* v. *Jackson,* 57 S. E. 1007; *Octoby* v. *Henley,* 84 N. W. 942; *Lange* v. *Interstate Sales Co.,* 166 S. W. 900; *Frame* v. *Olmsted,* 187 N. W. 18; *Kuehn* v. *Ritler,* 233 S. W. 5; *Donovan* v. *Driscoll,* 90 N.W. 60.

Defendant's objection to the first question on cross examination as to the payment of a weekly amount to plaintiff was well taken. The question was irrelevant and improper except perhaps if put for the purpose of establishing a basis for impeachment. No sufficient predicate was laid for the testimony of the druggist as to payment for medicines made with a check signed by the defendant. When the druggist testified that the check had been returned by the bank, defendant objected on the ground that if the check had been returned by the bank, the check should be produced. The judge said that the check had not been paid. Plaintiff's attorney said that it had been paid later. It may have been returned because of no funds, because of an illegible signature or for many reasons other than stoppage of payment. There was nothing in the testimony of the druggist to show that defendant or anyone else had stopped payment. The defendant had not been asked on cross examination about any checks issued by his son nor had he been asked on cross examination whether he had ordered, requested or authorized his son to

issue any checks. The testimony was no more admissible for the purpose of impeachment than it was for the purpose of showing an admission of liability on the part of defend- ant. Defendant, however, interposed no objection on this ground.

Technically perhaps it would suffice to say, in answer to appellant's third assignment, that the evidence was not admitted as an offer of compromise but by way of impeach- ment and was not objected to as inadmissible for that pur- pose. We would not be disposed, however, to base our affirmance on technical grounds if convinced that the district judge was in fact unduly influenced by this inadmissible evidence.

Appellant says that we do not know the reasons upon which the district judge based his judgment. That is quite true but apparently it is not the fault of the district judge.. On overrulling defendant's objection to the druggist's testi- mony, the judge said, as already stated, that if a case in point could be found he would examine it and, on rendering judg- ment, would state what consideration he might have given to it. The judgment refers to an opinion as setting forth the grounds on which that judgment is based. That opinion is not before us and we are unable to say that the district judge attached undue importance to the fact that the son of defendant had given plaintiff several small amounts of money paid by checks or otherwise.

The second assignment was that the district judge erred in weighing the evidence and in rendering judgment for plaintiff. The testimony for plaintiff did not make out a very satisfactory case against defendant. If true, how- ever, it was enough to sustain the judgment and the district judge apparently believed it to be true.

The fourth assignment is that the district judge erred in awarding costs to plaintiff. Appellant's only reason for this assignment is that plaintiff prayed for damages in the sum of $10,000 and recovered only $700. That without more

is not enough to show an abuse of discretion in the award as made.

The judgments appealed from will be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.