### HEARD v. HOWARD.
#### No. 14981.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 12, 1948.

Rehearing Denied Dec. 10, 1948.

Donald & Donald, of Bowie, for appellant.

T. B. Coffield, of Bowie, for appellee.

HALL, Justice.

Appellee, Otto Howard, sued appellant, Herman Heard, in the district court of Montague County, Texas, alleging, as a cause of action, a balance due him upon an oral contract for drilling appellant a well 800 ft. deep in Jefferson County, Oklahoma.

Appellee alleged that he agreed to drill the well at cost for appellant with the understanding that he might have some interest in same if it produced oil or gas; that he would have the drilling rights in further development of said lease, and as a part of said agreement appellee pleads the following:

"Defendant agreed and promised to pay all the expenses of the drilling of said Trout No. 3 well, including all labor, fuel, lubricants and all costs incurred by plaintiff in connection with said operation and expenses of moving plaintiff's equipment on and off of said location, to the end that plaintiff would dig said Trout No. 3 at actual cost. * * *"

The well did not produce and was abandoned. Appellee further pleaded and testified that he had expended a total sum of $1553.75 for labor, stating the total amount he had paid each man and itemizing, in an exhibit, the amount of hours each employee worked per week on said well and for how many hours of time and one-half overtime he had paid each man; that appellant had paid him the sum of $737.65 on said labor, leaving a total due of $816.10; that appellant owed him $77.50 for expenses incurred on removing his drilling machinery from said location; that appellant owed him $80 for 400 ft. of two inch pipe which he lost while drilling said well. Appellee further prayed for six per cent per annum from February 10, 1947, upon recovery.

Appellant answered by leveling many exceptions to appellee's petition based upon insufficiency of pleadings to place appellant

on notice of all claims alleged due by him to appellee. By way of further answer appellant denies he agreed to pay for time and a half overtime; for insurance and social security but pleaded that he was willing to compensate appellee for social security expended while drilling said well. He denied agreeing to pay for removal of the machinery; by way of cross action appellant sued appellee for the sum of $3500 for alleged injury sustained to his lease by negligence of appellee in not completing the well as a producer.

Trial was to the court who on the 30th day of April, 1948, entered judgment in favor of appellee in the sum of $916.33 upon the following findings: "being the amount sued for on account of labor, workmen's compensation charges paid by plaintiff, the transportation cost paid by plaintiff, and interest at six per cent per annum from February 10, 1947." The court denied appellant recovery on his cross action; hence, this appeal by appellant founded upon eight points of error, which may be classified into the following propositions, to-wit:

(1) The trial court erred in overruling defendant's special exceptions to plaintiff's petition because it failed to name those who worked, the time such employee worked, the day of the month, the number of hours each worked.

(2) That there was no evidence to support the finding of the trial court on the ground that the testimony was based upon hearsay.

(3) That no competent evidence was introduced showing there was a necessity for overtime work by the employees and insufficient evidence showing that such work was done as "overtime work."

On page 84 of the statement of facts, appellant tendered into court the sum of $245.35, which he concluded was the balance due by him to appellee on labor based upon $1.50 per hour to the driller and $1 per hour to the helpers. He further tendered into court $9.92 social security and $80.15 for workmen's compensation. Even though this tender was offered by appellant, we find it necessary to decide the question of whether or not there is competent evidence to support the court's finding

in favor of appellee and against appellant for the amount recovered upon labor claimed to have been paid by appellee.

Appellee testified that appellant agreed to pay for all labor, including overtime, and that appellant was to instruct appellee's driller as to how to proceed with the well. Appellee testified further that he was not present during the drilling of the well; that he did not know the amount of work that each laborer had done but that he was only testifying from the time sheets of his driller, Mr. Hardeman; that he and his wife merely copied the amount each man was due from Mr. Hardeman's time book; that the books were kept under his supervision, but that he did not keep a complete separate account to show the work done on Mr. Heard's well from that done on another well which he was drilling for some one else. He admitted having failed to supply appellant with a statement of the number of hours worked by the different employees, even though the same had been requested from him by appellant. He did not produce checks in court showing the amount he had paid these men for which he is suing appellant, even though he had been requested and had promised to do so. He admitted that he had no way of telling how many hours each man worked for appellant or when it was done, except from his foreman's time sheets. He admitted that he charged overtime to appellant for these men when in truth and in fact sometimes they had worked for appellee in the first part of the week on some other well; that his system was to charge the overtime to whomsoever the man was working for at the end of the week.

We have read the record and do not find competent testimony showing the amount of work actually done by these men on appellant's well and that the same was reasonable and necessary in order to drill same. Appellee did make such proof upon moving his equipment from appellant's premises, his trial amendment and proof showed that amount was $77.50.

Appellee contends, since his suit is based upon a contract, all that is necessary for him to prove in order to recover is the amount he actually paid for labor and other

expenses in drilling the well. We find that since both parties agree appellant was to only pay the amount actually incurred by appellee, the law will presume that such amount be based upon fair, reasonable and necessary expenditures and that it is incumbent upon appellee to prove that he not only paid the items sued for but that they were necessary and reasonable in order to drill appellant's well. Appellant wrote appellee a letter on May 27, presumably 1948, as follows:

"Dear Tex:

"I have received your letter and I do think you are going a little fast in one respect.

"If you will recall I am obligated to pay you as we agreed but to date I have never had an invoice or statement that was detailed or subject to check of any kind and I do not think that I am any different from anybody else in this respect.

"I do want it completely itemized or a completely itemized bill before I proceed.

"Very truly yours,

"Herman G. Heard."

This letter, along with the tender in court by appellant, signifies an obligation to pay appellee the reasonable and necessary expenses incurred while drilling said well.

Appellee undertook to testify from the payroll or time slips kept by his foreman which he, appellee, knew nothing as to their accuracy; such testimony comes under the hearsay rule, as well as the rule pertaining to books and entries of third persons, as set out in 17 Tex.Jur., pp. 506–509; 756–785; hearsay, pp. 519–536. 31 C.J.S., Evidence, § 193, p. 919; see also Randle v. Barden, Tex.Civ.App., 164 S.W. 1063; Devlin v. Heid Bros., Inc., Tex.Civ. App., 21 S.W.2d 746.

We think in this particular kind of a case it is necessary to prove more than the books were accurately copied. The appellant is interested in paying no more than the reasonable amount appellee actually incurred, regardless of appellee's accuracy in copying from his foreman's books. The law will not presume a party to pay more than the reasonable and necessary expenses incurred upon an unliquidated open account, such as appellee's cause of action sued on here, unless he specifically contracts to pay a stated amount.

Since we find the case has not been fully developed, we reverse and remand same for a new trial.