TRICE CONTRACT CARPETS & FURNITURE, INC., Appellant,

v.

Frederick MARTIN and Wife, Marianne Martin, D/B/A Frederick Martin Decorators, Olive Fluke, Financing Agent of Frederick Martin Decorators and W. L. Bridges, Jr., Appellees.

No. 6943.

Court of Civil Appeals of Texas.

Amarillo.

March 28, 1960.

Dalton & Moore, Dallas, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellees.

CHAPMAN, Justice.

This suit was filed in the court below by appellant, Trice Contract Carpets & Furniture, Inc., upon a sworn account against Frederick Martin and wife, Marianne Martin, d/b/a Frederick Martin Decorators; appellee, Olive Fluke, a feme sole; and W. L. Bridges, Jr. for merchandise allegedly sold and delivered by appellant to Frederick Martin and wife, Marianne Martin d/b/a Frederick Martin Decorators.

The Martins filed an answer consisting of a general denial but did not appear further. Trial was to the court without a jury. At the close of appellant's testimony W. L. Bridges, Jr. was dismissed from the cause with prejudice. At the conclusion of the trial the court rendered judgment for appellant against Frederick Martin and wife, Marianne Martin d/b/a Frederick Martin Decorators for the sum of $5,587.33 with interest thereon at the rate of 6 per cent per annum and costs. The court rendered judgment that appellant take nothing as against Olive Fluke. It is from this take-nothing judgment against appellant and for appellee that appeal is perfected.

Appellee was sought to be held jointly liable because of the following letter:

"March 15, 1955
"Trice Contract Carpet & Furniture
"141 Glass Street,
"Dallas, Texas.

"Gentlemen:

"We, Olive Fluke, as financing agent for Frederick Martin Decorators; Frederick Martin and Marianne Martin, as owners, hereby agree that your price for carpet shipped by your company for each job performed by Frederick Martin Decorators will be paid for at the time payment is received by Frederick Martin Decorators.

"We request that you bill Frederick Martin Decorators separately for each separate job for which carpet is ordered by Frederick Martin Decorators.
"Thank you for your cooperation.

"Yours very truly,

"/s/ Olive Fluke
"/s/ Frederick Martin
"/s/ Marianne Martin"

Appeal is predicated upon the asserted error of the court in rendering a take-nothing judgment against appellee "because the appellant established by the undisputed evidence and admissions of the defendants its right to recover judgment for its debt against the appellee, Olive Fluke," and upon the assertion that the take-nothing judgment is so contrary to the overwhelming weight and preponderance of all the evidence as to be clearly wrong and unjust. The court in its judgment found that appellant "had not sustained its burden of proof to prove a cause of action against the defendant Olive Fluke, * * *" A careful study of the record convinces us the trial court was correct in such finding and in the take-nothing judgment rendered against appellant.

■ This case was filed upon a sworn account, which was met by a denial under oath by appellee that the account was not true in whole or in part. Such denial put appellant upon proof to establish its account by legal and competent evidence as at common law and independent of Rule 185, Texas Rules of Civil Procedure. Davis v. Gilmore, Tex.Civ.App., 244 S.W.2d 671 (writ refused); J. E. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325 (Com. App., opinion adopted); H. G. Berning, Inc. v. Waggoner, Tex.Civ.App., 247 S.W.2d 570; Dollie Adams Oil Corp. v. Roberts, Tex.Civ.App., 259 S.W.2d 311.

In an effort to prove the account Joe R. Eddins testified he was Vice President of appellant company, was familiar with the delinquent accounts of the company, was familiar with the Frederick Martin Decorators accounts, and that a letter with the listing of the account was prepared un-

der his direction. Objection was then made that a statement of the account the witness prepared was not admissible in an open account suit. The witness was then asked if that was the record according to his office, prepared of the actual amount due under the account, to which testimony objection was made that the books and records would be the best evidence rather than a statement the witness prepared. The witness was then asked if he knew of his own knowledge that was the correct amount shown on the company books due by Frederick Martin Decorators and he answered in the affirmative. The record then shows that counsel for appellant said: "Now, I want to introduce this as being a record of the account at the present time." It shows to have been marked for identification but nowhere in the statement of facts does the record show it was ever admitted into evidence by the trial court. The statement of facts shows the following in regard thereto:

"Q. Mr. Eddins, I place in your hand—I have handed a letter to you, was that listing prepared under your direction?

"A. Yes, sir.

"Q. Is that the exact amount due on this account?

"Mr. Milam: Now, Your Honor, as to Mrs. Fluke, I want to object to this line of testimony. It is not admissible. We have denied under oath the account, and his mere conclusion, or a statement that he had prepared is not admissible in an open account suit, where you deny the account under oath, and his conclusion, and it's not a proper way to prove up an open account.

"The Court: What is he referring to?

"Mr. Kinsey: Sir, I am—have given him a list of the account, and want to know if that is the record, according to his office, prepared of the actual amount due under this account.

"The Court: I will allow him to testify as he knows of his own knowledge.

"Mr. Kinsey: Yes, sir.

"Mr. Milam: I want to further object that the books and records would be the best evidence, rather than a statement he prepared.

"The Court: All right."

■ The only other question we find in the record to the witness concerning the itemized account, which we assume from the statement of facts was a copy or photostat of part of a letter sent to the Martins, is the following:

"Q. Do you know of your own knowledge that is the correct amount shown on your books due by Frederick Martin Decorators?

"A. Yes, sir."

We do not believe the response, "all right," made by the trial court to Mrs. Fluke's counsel's objection that the books and records would be the best evidence can be interpreted as admitting the itemized account in evidence. Especially is this true when the statement of facts is completely silent concerning any statement by the court that the account was admitted. As we interpret the statement of facts counsel for appellant simply never followed up his apparent intention of attempting to place in the record the itemized account, which he testified he prepared, and which he was asking of the witness "if that is the record according to his office, prepared of the actual amount due."

We believe such state of the record may very well have prompted the trial court to make the finding in his judgment, "that the plaintiff had not sustained its burden to prove a cause of action against the defendant Olive Fluke * * *" However, there

are numerous other failures in the proof we believe were fatal to appellant's cause of action.

■ We do not believe there is any admissible evidence in the record against Olive Fluke to show that the articles in question were delivered to the person or persons to whom sale or delivery is alleged nor that the charges were reasonable, usual or customary. Appellant alleges it "sold and delivered to defendants Frederick Martin and wife Marianne d/b/a Frederick Martin Decorators, as buyer, in the regular course of business, the goods, wares and merchandise shown"—and, "That such goods, wares and merchandise * * * were reasonable worth the several sums of money set out in connection with them. * * *" Nowhere in the statement of facts do we find a word of proof that the articles sued on were delivered or that the charges were reasonable, usual or customary.

Appellant made requests for admissions both to the Martins and appellee that the merchandise was received by Frederick Martin and Marianne Martin but did not make a request for admissions that the charges were reasonable, usual or customary. The Martins never answered the requests and the record shows appellant was never able to locate them. Mrs. Fluke answered the requests. She admitted signing the March 15 letter, denied it was for the purpose of securing credit, stated she did not have the information to admit or deny the alleged shipments were received by the Martins or that the Martins were responsible for the payments of all the items listed, denied she had any records of sales of merchandise allegedly shipped, and denied she was responsible for payment of the items listed.

■■ Since the photostat of the itemized account which Mr. Eddins testified he prepared from the records in the office was never admitted by the court we have only his testimony that he knew of his own knowledge that was the correct amount shown on the company's books and the list of the account was the record according to his office. We do not consider this testimony sufficient. When the record is studied as a whole it is obvious that any knowledge the witness had of the separate items and amounts was what he acquired from the company's books and records in his office and that it was from them the itemized account was made up. Though we do not believe the account would have been admissible under the record made, since it is not shown to have been admitted there is certainly insufficient evidence on which to constitute a cause of action accruing in whole or in part. J. E. Earnest & Co. v. Word, supra; Davis v. Gilmore, supra; Panhandle & Santa Fe Ry. Co. v. McDonald, Tex.Civ.App., 227 S.W.2d 601; Interstate Minerals, Inc. v. Harroun, Tex. Civ.App., 173 S.W.2d 547, 548. In the last named case the San Antonio Court of Civil Appeals held where a verified account was denied under oath the opposite party "was confronted with the necessity of establishing each and every item of his account by legal and competent evidence." That burden has not been discharged in this case. Additionally, there is no proper proof that the items alleged to have been furnished were received or that the charges for same were reasonable or customary. Our court has held such proof is necessary. Dodson v. Kemper Military School, Inc., Tex.Civ. App., 42 S.W.2d 288 (writ dismissed). See also Major v. Meinrath Brokerage Co., Tex.Civ.App., 116 S.W.2d 861.

■ Appellant contends the failure of one defendant to answer requests for admissions is binding on another defendant, in this case Mrs. Fluke. Our court in Talbott v. Hogg, 298 S.W.2d 883 (writ dismissed); and the San Antonio Court in Krasa v. Derrico, 193 S.W.2d 891, 893 have held otherwise, and we believe properly so.

■ Additionally, the letter of March 15, 1955, if it obligated Mrs. Fluke it did so

only as financing agent to see that the price for each job performed by Frederick Martin Decorators would be paid for at the time payment was received by such decorators. There is neither pleading nor proof that the Martins ever received payment for any of the jobs performed nor that a reasonable time had elapsed for the same to be accomplished.

In this case no findings of fact by the trial court were requested or filed. We must presume, therefore, that such court resolved in appellee's favor every issue of fact raised by the evidence, and must view the evidence in the light most favorable to such findings, disregarding all that is contrary thereto. McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643; North East Texas Motor Lines, Inc. v. Dickson, 148 Tex. 35, 219 S.W.2d 795, 11 A.L.R.2d 1065. Applying these principles to our case it is our opinion that the trial court correctly disposed of the case and its judgment is accordingly in all things affirmed.

DENTON, C. J., not participating.