Mark BURNS, Plaintiff, Appellant,

v.

Overton T. HARRIS, Howard Blattner, Ovid H. Bell, Maynard De Neui, John V. Bosch, Richard C. White, individually and as Directors comprising the Board of Education of the Fulton School District No. 58, of the City of Fulton, Callaway County, Missouri, W. Victor Hill, Superintendent of Schools, and Dorsey D. Schaper, Principal, Fulton School District No. 58, City of Fulton, Callaway County, Missouri, Defendants, Respondents.

No. 23490.

Kansas City Court of Appeals.

Missouri.

June 4, 1962.

Bear & Hines, Columbia, for appellant.

Cave & Lauer, Fulton, for respondents.

MAUGHMER, Commissioner.

This case involves a petition for injunction against officials of a school.

Plaintiff, Mark Burns, on May 16, 1960, entered into a written contract with the Fulton School District No. 58, County of Callaway in the State of Missouri, to teach in the "public school of said district for the term of 1960-61, commencing on the 15th day of August, 1960, for the sum of $4800.00 per year, to be paid monthly, and that for services rendered and reports correctly made according to law, said Board agrees to issue warrants upon the district treasurer in favor of the said Mark Burns for the amount of wages due under this agreement". While the contract is silent as to just what duties plaintiff was to perform or what subjects he was to teach, it is conceded that plaintiff duly entered upon his duties as head football and track coach, teacher of physical education and general business. He also upon occasion "kept study hall". The Fulton school district employed numerous teachers and had a designated superintendent and a principal.

Plaintiff, Mark Burns, with two other teachers, on March 30, 1961, submitted to the board a signed letter which reads: "We herewith tender our resignations, effective upon the fulfillment of our present contracts". Thereafter Mr. Burns admittedly made uncomplimentary public statements about the athletic program and the disciplinary problems existing in the Fulton public schools. The record does not reveal exactly what was said but these critical comments were intentionally disseminated publicly.

The school board officially took note of these criticisms as made by plaintiff and by other employees, at its board meeting April 3, 1961. As a result of a recited investigation, the board resolved that "Mr. Burns be officially reprimanded * * * for breach of professional ethics by making certain public statements and pronouncements having the effect of bringing discredit upon the public school system and

that he be relieved of all duties in the public school system". The action taken was communicated to Mr. Burns by letter dated April 4, 1961, and signed by the board's president. This letter contained the following concluding paragraph: "As you are still on the payroll of the Fulton Public Schools your actions will continue to be the concern of the Board of Education. All replies or questions are to be directed to the Board of Education, through the administration, in writing".

On April 4, 1961, Mr. Dorsey D. Schaper, principal, accompanied by a substitute teacher, Mrs. Black, entered the classroom where plaintiff was conducting a class. Mr. Schaper directed plaintiff to leave his grade book with Mrs. Black and accompany him to the principal's office. This was done. When they arrived there Mr. W. Victor Hill, Superintendent, was present. The plaintiff was personally handed the board's letter and directed by Mr. Hill to "gather his personal effects, turn in his keys and leave the building, as soon as possible". Mr. Burns complied with these directions of the superintendent and never thereafter appeared upon the school property.

On this same date, April 4, plaintiff sent the following letter to the school board:

"As I have been relieved of all duties in the Fulton School System, and upon the advice of my attorney, Mr. John Yeaman of Platte City, Missouri, I hereby request payment in full of the remaining salary due me under provisions of my contract with you. In that you terminated this contract the monthly payment provision no longer applies.

"As there was great haste in your action toward me I feel you will handle this matter *expeditely*.

"Sincerely,
Mark Burns".

On April 5, 1961, plaintiff addressed a second letter to the board in which he requested a "public hearing on the subject of my dismissal from the Fulton High

School". The board held no public hearing but promptly voted to and did pay to plaintiff in April the balance due him under his contract for the 1960–61 school year.

There were no further developments during the remaining 25 days of April and until May 12, 1961, one or two weeks before the school term ended, when plaintiff filed in the Circuit Court of Callaway County his petition for injunction. The individual members of the school board, the superintendent and principal were named defendants. Therein plaintiff prayed that defendants be restrained from interfering with plaintiff in the discharge of his duties as a school teacher, restrained from dismissing him or relieving him of his duties for the remainder of the 1960–61 school term.

■ The trial court, after hearing the testimony, denied the plea for mandatory injunction and plaintiff has appealed. This being a suit in equity before the court, it will be reviewed de novo on appeal. Picadura v. Humphrey et al., Mo., 335 S.W.2d 6, 12. However, the granting of an injunction is not necessarily a matter of right, but rests in the sound discretion of the court.

■ While the issue raised is at this time moot since the school term ended in May, 1961, we shall not decide the appeal on that point. The question was not moot when presented below. For that reason and because the matter of costs is involved, we shall review on the merits. State ex rel. Brokaw v. Board of Education, Mo. App., 171 S.W.2d 75, 84, 85.

■ Good judgment would seem to require that all organizations from the army to the public schools have management—rules and regulations. Generally, the control of the business of the school district rests with the school board, while the detailed supervision of actual teaching in a multi-teacher system is directed by the superintendent and principal, the executive officers. Section 163.010, V.A.M.S. in part provides: "The board of directors or board of education shall have power to make all needful rules and regulations for the organization, grading and government in their school district * * *". In Magenheim v. Board of Education et al., Mo.App., 347 S.W.2d 409, it was held that by this section the legislature has delegated to the school boards the power to exercise judgment and discretion in matters affecting school management, including the employment of teachers, and the court may not interfere unless the board exercises its power in an unreasonable, arbitrary, capricious or unlawful manner.

However, our legislature in Missouri, has provided that school boards may not dismiss a teacher. Section 163.100 declares in part: "* * * The board shall have no power to dismiss a teacher; but should the teacher's certificate be revoked, said contract is thereby annulled. The faithful execution of the rules and regulations furnished by the board shall be considered as part of said contract; provided, said rules and regulations are furnished to the teacher by the board when the contract is made. Should the teacher fail or refuse to comply with the terms of the contract or to execute the rules and regulations of the board, the board may refuse to pay said teacher—after due notice, in writing, is given by order of the board—until compliance therewith is rendered. * * *" In Lemasters v. Willman et al., Mo.App., 281 S.W.2d 580, this statute was interpreted to mean the board of education has no express or implied authority to dismiss a teacher for any cause.

Both parties on this appeal agree that the school district has no authority to dismiss a teacher. Plaintiff contends that he was dismissed. Defendants say plaintiff was "relieved of his duties", but was not dismissed since all of the salary due for the remaining two months was paid to him in advance and pursuant to his demand. Defendants further say that even though

the fact that plaintiff was relieved of his duties might, standing alone, be construed to amount to a dismissal, nevertheless, the action of the plaintiff in doing nothing about it for almost six weeks and until the school term was about over except to ask the school board to anticipate and pay him the amount of his wages for the whole term, amounted to an abandonment of the contract. In 17 C.J.S. Contracts § 412, page 899, we find this statement: "Rights acquired under a contract may be abandoned or relinquished by agreement, conduct, or by a contract clearly indicating such purpose. To constitute an abandonment of rights, an actual intent to abandon must exist. * * *"

In Frazier v. School District, 24 Mo. App. 250, the district attempted illegally to dismiss a country school teacher. The teacher, nevertheless, opened school, taught a few hours, then dismissed the students, locked the building, turned in his key and drew his pay to date, all without protest or offer to resume teaching. Later he sued for the balance of the year's salary. The case was tried by the court with a finding for the district. On appeal the appellate court ruled that such conduct constituted a voluntary abandonment of the contract.

In Parker v. School District of Valley Park, Mo.App., 325 S.W.2d 59, plaintiff, a music teacher, was employed to teach music during the 1956-57 year. He taught until the Christmas holidays when he was told by the superintendent that his services would not be needed thereafter. Plaintiff protested and said he would be back to teach. The superintendent told him there would be no classes for him to teach and told him to turn in his keys. Plaintiff complied, but during the holidays saw a lawyer and returned to the school in January. He was provided with no classes and no students. He continued his attendance for several days and was ordered by the superintendent and by the board president to leave the premises. He did so and then sued for the balance of the year's salary. On appeal it was held that these facts presented a jury question as to whether or not there had been an abandonment of his teacher's contract.

What are the facts and what is the evidence on the question of abandonment in our case? First of all plaintiff submitted his resignation effective upon termination of his 1960-61 contract, which expired the latter part of May, 1961. He then made public statements critical of the school's athletic program and disciplinary controls. On April 4, he received an official reprimand from the board of education, was relieved of his actual teaching duties and requested to leave the school premises. He immediately complied, made no protest at the time and did not thereafter present himself on the school premises for the purpose of teaching. That very evening, in writing, and after consultation with his attorney, he asked the school board to anticipate and pay at once the two months' salary that would normally have been due him in two monthly installments, one payable the last of April and one payable the last of May. These advance payments would not have been due unless the contract had been terminated or abandoned. His request for these advance payments is at least an indication that he regarded the contract as ended. This request for advance payments of salary evinced an intention on his part to abandon. His demand for such payment and his acceptance thereof were acts which might be construed as abandonment. The school board complied with his request. Plaintiff received the money, accepted the situation and did nothing further about it for more than five weeks and until May 12, when he filed the present petition for injunction.

The trial court did not state the theory or basis on which it denied the injunction. If, however, it was properly denied on any basis under this evidence, we should affirm, unless the trial court's action was arbitrary, capricious or unlawful. We believe that this record contains substantial evidence which would justify a finding that the plaintiff abandoned the contract. We be-

lieve the action of the court was neither arbitrary nor capricious. The court did not abuse its discretion.

The action and judgment of the trial court denying the injunction prayed for is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the court.

All concur.