**H. H. BOUCHER, d/b/a H. H. Boucher Company, Appellant,**

**v.**

**CITY PAINT & SUPPLY, INC., Appellee.**

No. 176.

Court of Civil Appeals of Texas.

Tyler.

Jan. 13, 1966.

Jerry Kelfer, Waitz, Bretz & Collins, San Antonio, for appellant.

William T. Burke, Jr., Palmer, Green, Palmer & Gilmore, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is a suit on open account. Appellee is a corporation engaged in business in San Antonio, Texas, selling paint, wallpaper and lacquer. Appellant is a resident of Dallas County, Texas, who owned an interest in two apartment houses in San Antonio, Texas, known as Grayson House Apartments and Le Chalet Apartments. Appellant had business dealings with the appellee in connection with his ownership and management thereof, prior to the transactions involved in this suit. On or about September 28, 1961, appellant entered into a contract with Dr. H. N. Roberts to supervise the erection and construction of an apartment house that Roberts desired to build at 6000 Blanco Road, in the city of San Antonio, Bexar County, Texas, for a fee of $10,000.00. Dr. Roberts ran out of money and appellant ceased to work for him on or about March 20, 1962.

The contract between Dr. Roberts and appellant Boucher contained the following paragraphs we think pertinent here:

"That we, Dr. Herbert N. Roberts, hereinafter called First Party, and Harry Boucher, hereinafter called Second Party, enter into and contract the following agreement;

"WHEREAS, First Party is desirous of building an apartment building located on the real property described as Block ONE (1), New City Block 12412, Northcrest Hills, Unit 2, situated within the corporate limits of the City of San Antonio, Bexar County,

Texas, having a mail address of 6000 Blanco Road, said property fronting west 325.73 feet on Blanco Road, 220 north on Oban Drive, east 325.89 feet on Godfrey Drive and south 220 feet on Barchester Drive, and

"WHEREAS, Second Party is desirous of supervising the construction of said apartment buildings on said site and to see that same is constructed in a good and workman like manner and in accordance with the plans and specifications;

"THEREFORE, First Party and Second Party enter into the following agreement,

WITNESSETH:

"It is agreed and understood that Second Party will supervise the construction of said apartment buildings and see that same is constructed in a workmanlike manner so that said real property will be improved with six two-story brick veneer garden type apartments containing twenty-four living units to be constructed in accordance with the complete and final plans and specifications drawn by Malone-Hilliard & Associates, Architects and Planning Consultants of Arlington, Texas.

"* * *

"It is further agreed and understood that the Second Party shall receive the total sum of $7500.00 for his services, payable $1500.00 per month for a period of five months, payments to be made on the 1st day of each month, the first payment to be made on the 1st day of July, 1961, and all of said payments to be paid when due provided that said contract is performed in accordance with the instructions of First Party and in a good and workmanlike manner."

The contract further provides that the Second Party shall negotiate and enter into

sub-contracts but that it is expressly understood and agreed that First Party shall approve all said contracts before they are actually consummated and before any monies are paid out under any sub-contract, that the payment shall be approved by First Party and by the Main Bank & Trust Company of San Antonio.

Appellee instituted this suit against the appellant, H. H. Boucher, upon a sworn account on or about September 12, 1962, alleging as follows:

## II.

That, heretofore, to-wit, at the special instance and request of the Defendant, Plaintiff sold and delivered to him as buyer, in the regular course of business, the goods, wares and merchandise shown in Exhibit "A", which is duly verified and hereinafter attached and made a part hereof. That the Defendant hereby became bound to pay to Plaintiff on demand so much money as said goods, wares and merchandise were reasonably worth.

## III.

That such goods, wares, and merchandise on such dates so delivered were as listed in Exhibit "A" and were reasonably worth the several sums of money respectively set out in connection with them.

Attached to said petition was the statement of the alleged account, which statement neither showed the nature or character of the items sued for nor the unit price thereof.

Appellant denied the account under oath, and specially pleaded his contract with Dr. Roberts, attaching a copy thereof to his answer, and alleging, in abatement, that Roberts was both a necessary and proper party to the appellee's suit. He further alleged that if the account sued upon was due and owing, which was not admitted but denied, that it was due and owing by Roberts and not by appellant.

Trial was to the court sitting without a jury on December 21, 1964, and upon conclusion of the testimony, the court took the matter under advisement and thereafter on the 17th day of February, 1965, rendered judgment for the appellee against the appellant for the sum of $765.81 plus $230.00 attorney's fees, plus interest and costs, from which judgment this appeal was perfected.

The appellant's first four Points of Error are as follows:

### First Point

The court erred in rendering judgment for the appellee and against appellant because there is no competent proof of the sale of goods by appellee to appellant.

### Second Point

The court erred in rendering judgment for the appellee against appellant because there is no competent proof of the delivery of goods by appellee to appellant.

### Third Point

The court erred in rendering judgment for the appellee and against appellant because there is no competent proof that the persons who signed appellee's invoices were the agents, servants or employees of appellant.

### Fourth Point

The court erred in rendering judgment for the appellee and against appellant because there is no competent proof that the signatures appearing on appellee's invoices are genuine.

No findings of fact or conclusions of law were filed by the trial court and the case having been tried to the court without the aid of a jury, we must determine whether there was any evidence to support the judgment and the implied findings of fact incident thereto, and in doing so will consider only the evidence most favorable, and disregard that opposed, to

these issues. Opryshek v. McKesson & Robbins, Inc., 367 S.W.2d 357, (Tex.Civ. App.) 1963, n. w. h.; Renfro Drug Co. v. Lewis, 148 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

■ Appellee filed a verified account showing that appellant was indebted to it in the sum of $765.81. This verified account was denied under oath by appellant, thus appellee was confronted with the necessity of establishing each and every item of its account by legal and competent evidence. This it failed to do. Interstate Minerals, Inc. v. Harroun, 173 S.W.2d 547, (Tex.Civ.App.) 1943, n. w. h.; Major v. Meinrath Brokerage Co., 116 S.W.2d 861, (Tex.Civ.App.) 1938, n. w. h.; J. E. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325, 1941; Taylor v. Wright Sales Company, 357 S.W.2d 824, (Tex.Civ.App.) 1962, n. w. h.; Trice Contract Carpets & Furniture, Inc. v. Martin, 334 S.W.2d 554, (Tex.Civ.App.) 1960, n. w. h.

In the case of Burtis v. Butler Bros., 243 S.W.2d 235, (Tex.Civ.App.) 1951, n. w. h., the court said:

"* * * A counterpart of Rule 166–A, Summary Judgment, is Rule 185 for speedy ascertainment of fact issues in a suit on sworn account; it providing that in absence of an affidavit of denial, the opposing party 'shall not be permitted to deny the account.' Conversely, an affidavit by a defendant denying the justice of a sworn account has the effect of neutralizing the affidavit thereto made by the plaintiff. 'Upon filing of the denial the plaintiff's account stands as though it had not been verified; its character as prima facie evidence is destroyed, and the burden rests upon the plaintiff to prove his case as at common law.' "

This court in Parker v. Center Grocery Company, Inc., 387 S.W.2d 903, (Tex.Civ. App.) 1965, n. w. h., held that where a defendant denied the account in toto by filing its sworn denial under the provisions of Rule 185, Texas Rules of Civil Procedure, that the effect of the defendant's sworn denial was to put the plaintiff on proof of its case by a preponderance of the evidence as at common law. That the essential elements of such proof are, inter alia, (1) sale and delivery of the merchandise and (2) that the amount of the account is just, or in other words, that the prices charged are in accord with an agreement or in the absence of an agreement that they are usual, customary or reasonable.

■ Appellee offered into evidence a copy of the account attached to its petition and the court sustained the appellant's objection thereto on the ground that the same was not itemized. We think the court properly sustained appellant's objection. Taylor v. Wright Sales Company, supra.

■ The account not having been received into evidence, the same cannot be considered by the court in determining the sufficiency of the evidence to support the judgment. Trice Contract Carpets & Furniture, Inc. v. Martin, supra. Appellee made no attempt to prove its case under the Business Records Act, Article 3737e, Vernon's Annotated Civil Statutes, but, on the contrary, attempted to prove its case by the direct testimony of Mr. Val B. Prince, the vice-president and general manager of the appellee's corporation. Appellee offered into evidence 29 invoices which were identified as plaintiff's Exhibit 2. Appellant objected to the introduction thereof on the ground that some of the invoices were not signed by anyone and that all the orders were signed by persons other than appellant. The court overruled this objection. Mr. Prince then attempted to testify to the sale and delivery of the merchandise listed on the invoices to the appellant. On cross examination of witness Prince, he testified:

(1) That it would be pretty hard to tell what invoices were delivered by the wit-

ness personally, and he didn't remember which ones they were.

(2) That it was only once or twice that the witness personally delivered merchandise on the job and that the rest of the time his driver delivered it.

(3) He didn't personally take all the telephone orders for merchandise, but that some of them were taken by girls in the office.

(4) That he did not know what was said to the order taker.

[5] It is a well-established principle of law that hearsay evidence, even though unobjected to, will not support a judgment. One of the leading cases is Henry v. Phillips, 105 Tex. 459, 151 S.W. 533, 538, in which Judge Dibrell, speaking for the court, said:

"* * * Such incompetent testimony can never form the basis of a finding of facts in an appellate court, notwithstanding its presence in the record without objection. When the appellate court comes to apply the law to testimony constituting the facts of the case, it can only base its conclusion upon such testimony as is under the law competent. That which is not competent testimony should be given no probative force. The admission of such testimony is no talisman to give effect to that which is irrelevant and incompetent to sustain or deny a material issue in a case."

See also United States Fidelity & Guaranty Co. v. Inman, 65 S.W.2d 339, (Tex.Civ. App.) n. w. h.; Johnson v. Gattegno, 267 S.W. 740, 743, (Tex.Civ.App.) n. w. h.; Heard v. Howard, 215 S.W.2d 364, (Tex. Civ.App.) n. w. h.

In the case of Counts v. Quin, 9 S.W.2d 394, 395, (Tex.Civ.App.), n. w. h., the court had before it a case in which invoices, to prove a cause of action, had been received in evidence, and the appellant had assigned insufficient of the evidence as error on appeal. The court held that before the invoices could have been received as evidence for any independent purpose, the usual predicate for the introduction should have been laid, i. e., the testimony of the party making them should have been introduced, showing that he had made them and that they were correctly made.

A careful examination of appellee's Exhibit 2, the 29 invoices, upon which appellee relies to establish its case, reveals that none of same purport to be receipted for by the appellant who was the agent of Dr. Roberts by virtue of the employment contract between them. A party dealing with an agent is bound, at his peril, to ascertain not only the fact of the agency, but the extent of the agent's power, and in case either is controverted the burden of proof is upon him to establish it. Overton v. First Texas State Ins. Co., 189 S.W. 514, (Tex.Civ.App.) 1916, error refused; American Mortgage Corporation v. Spencer, 45 S.W.2d 301, (Tex.Civ.App.) 1932, error dismissed.

The testimony of Mr. Prince is very equivocal on the question of who ordered the various bills of merchandise which he claimed that the appellant purchased from the appellee, but it appears to be quite clear from his testimony that appellant did not order all, or even most, of same. Under these circumstances, any alleged contract between appellee and appellant was executory in nature and it was incumbent upon appellee to prove delivery to appellant or someone designated by him to receive the goods. Lange v. Interstate Sales Co., 166 S.W. 900, (Tex.Civ.App.) writ refused.

An examination of the aforesaid invoices reveals numerous handwritings thereon and further reveals that all of the words and figures appearing thereon were not written at the same time. In some instances, a portion of the words and figures were written in ink while others were written in pencil and many of them demonstrate the use of different pens and/or different pen-

cils on the same invoice. Mr. Prince testified that he wrote some of the invoices, but he never identified same. Since, under his testimony, he was not present at the time of the delivery of more than two of such bills of merchandise, he could not have possibly observed the signing of the remainder of the invoices.

Mr. Prince made no effort to identify the signatures or to show that he was qualified to do so. In the case of Abeel v. Weil, 115 Tex. 490, 283 S.W. 769, 771, the court said:

"* * * Before a witness is qualified, or, in other words, competent, to testify to his opinion or belief that a particular signature presented to him is the genuine signature of another, such witness must be acquainted with the signature or handwriting of such other person. Such acquaintance is not presumed, but must be shown by evidence. * * *"

The court further stated, quoting Wigmore On Evidence, page 1054, Sec. 654:

"The burden of showing that the witness is qualified or competent is on the party offering his testimony."

It is uncontroverted that the appellant has no right, title or interest in and to the apartment house project here involved and located at 6000 Blanco Road in San Antonio, Bexar County, Texas, other than the fee provided for in his contract with Dr. Roberts. Appellant received no benefits of any kind, character or nature whatsoever, direct or indirect, from the goods, wares and merchandise allegedly furnished by the appellee, other than one small twill brush, which was furnished to the Le Chalet Apartment project. Mr. Prince admitted that the appellant had paid for the materials which he bought for the Le Chalet Apartment.

■ In view of the fact that the appellant has denied under oath the account sued upon, we do not think the appellant

discharged the burden of proof required of him. Appellant's Points 1–4 are sustained.

The appellant next complains by his 5th Point that there is no competent proof that the prices charged appellant by appellee for the goods, wares and merchandise shown on appellee's invoices were the usual, customary and reasonable prices thereof at the time and place of sale.

■ Upon a careful search of the record, we fail to find any evidence that the prices charged by appellee for the merchandise, the subject of this suit, were either usual, customary or reasonable. Nor do we find any testimony as to an agreed purchase price offered with respect to the value of the goods. In the absence of an agreement by appellant to pay any particular price, it was essential to appellee's case against appellant to offer proof on the point; but none was offered. Opryshek v. McKesson & Robbins, Inc., supra; Dodson v. Kemper Military School, 42 S. W.2d 288, (Tex.Civ.App.) error dismissed; Trice Contract Carpets & Furniture, Inc. v. Martin, supra. Point 5 is sustained.

Our conclusions above reached render unnecessary a discussion of appellant's 6th Point assailing the awarding of $230.00 attorney's fees to appellee under Article 2226, Vernon's Annotated Civil Statutes. Having failed to obtain a valid judgment against appellant on the account, appellee is not entitled to recover its attorney's fees against him.

■ Appellee has not filed a brief and did not avail itself of oral argument. It has not challenged in any manner the statements in appellant's brief relative to the facts and the record. The Court of Civil Appeals must assume as true all facts stated by appellant in his brief and render judgment in conformity therewith. Rule 419, Texas Rules of Civil Procedure; Traweek v. Shields, 380 S.W.2d 131, (Tex. Civ.App.) 1964, n. w. h.; Gonzales v. Gonzales, 224 S.W.2d 520, (Tex.Civ.App.) 1949, writ refused; Coates v. Coates, 355

S.W.2d 260, (Tex.Civ.App.) 1962, n. w. h.; Rancher v. Franks, 269 S.W.2d 926, (Tex. Civ.App.) 1954, n. w. h.; Hartford Fire Ins. Co. v. Owens, 272 S.W. 611, (Tex.Civ. App.) 1925, writ refused. However, we have checked the references in appellant's brief and find them to be correct.

For the reasons above stated, the judgment is reversed and remanded to the trial court.